J-S34037-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
ERIC PAUL HAWK, :
:
Appellant : No. 40 WDA 2018

Appeal from the PCRA Order December 14, 2017
in the Court of Common Pleas of Clarion County
Criminal Division at No(s): CP-16-CR-0000412-2009
CP-16-CR-0000432-2009

BEFORE: BOWES, STABILE, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.: FILED: August 7, 2018

Eric Paul Hawk (Appellant) *pro se* appeals from the December 14, 2017 order dismissing his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm, albeit on a different basis than that of the PCRA court.[1]

We provide the following background. In January 2010, Appellant pled guilty to criminal attempt – rape of child, aggravated indecent assault – forcible compulsion, and indecent assault without the consent of other. The more than 100 remaining charges were *nolle prossed*. The trial court found that Appellant is a sexually violent predator (SVP) and sentenced him on

---

[1] "It is well-settled that this Court may affirm on any basis." ***Commonwealth v. Clouser***, 998 A.2d 656, 661 n.3 (Pa. Super. 2010).

* Retired Senior Judge assigned to the Superior Court.

December 15, 2010, to an aggregate sentence of 10½ to 30 years of incarceration. Appellant did not file a post-sentence motion or direct appeal.

On August 8, 2011, Appellant *pro se* filed a PCRA petition. The PCRA court appointed counsel on Appellant's behalf. On July 19, 2012, counsel filed a petition to withdraw and a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court granted counsel's petition to withdraw and dismissed Appellant's PCRA petition without a hearing. Appellant did not file a notice of appeal from that order.

On September 25, 2017, Appellant filed *pro se* a second PCRA petition. In that petition, Appellant asserted that he is serving an illegal sentence pursuant to our Supreme Court's decision in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017) (holding that certain registration provisions of Pennsylvania's Sex Offender Registration and Notification Act (SORNA) are punitive, and retroactive application of those provisions violates the *ex post facto* clauses of the federal and Pennsylvania constitutions). The Commonwealth filed a response, and on December 14, 2017, the PCRA court issued an order dismissing the petition. Appellant timely filed a notice of

J-S34037-18

appeal on January 2, 2018.[2]  The Appellant and the PCRA court have complied with Pa.R.A.P. 1925.[3]

On appeal, Appellant contends that the PCRA court erred in dismissing his petition.  Appellant's Brief at 3.  In considering this issue, we must first consider whether Appellant has timely filed his PCRA petition, as neither this Court nor the PCRA court has jurisdiction to address the merits of an untimely-filed petition.  *Commonwealth v. Leggett*, 16 A.3d 1144, 1145 (Pa. Super. 2011).

Any PCRA petition, including second and subsequent petitions, must either (1) be filed within one year of the judgment of sentence becoming final, or (2) plead and prove a timeliness exception.  42 Pa.C.S. § 9545(b). Furthermore, if invoking a timeliness exception, the petition "shall be filed within 60 days of the date the claim could have been presented."  42 Pa.C.S. § 9545(b)(2).

---

[2] After filing his notice of appeal with this Court, Appellant filed with the PCRA court a "Petition to Reconsider" on January 24, 2018, claiming *Muniz* should be applied retroactively and that his SVP status renders his sentence illegal.  The PCRA court denied said petition to reconsider on January 30, 2018.

[3] On January 11, 2018, the PCRA court ordered Appellant to file a concise statement of the errors complained of pursuant to Pa.R.A.P. 1925(b), but Appellant did not do so until February 26, 2018.  In the interim, the PCRA court entered its opinion pursuant to Pa.R.A.P. 1925(a) on February 13, 2018.

"For purposes of [the PCRA], a judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Here, Appellant's judgment of sentence was entered on December 15, 2010, and he did not file a post-sentence motion or direct appeal. His judgment of sentence became final 30 days later, on January 14, 2011, and he had one year, until January 14, 2012, to file timely a PCRA petition. Thus, Appellant's September 25, 2017 petition is facially untimely, and he was required to plead and prove an exception to the timeliness requirements.

Appellant pleads the exception set forth in subsection 9545(b)(1)(iii) ("Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that … the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively."). PCRA Petition, 9/25/2017, at 3. Appellant relies on our Supreme Court's holding in **Muniz** in support of his petition. **Id.** at 3-4.

This Court considered whether **Muniz** applies under similar circumstances in **Commonwealth v. Murphy**, 180 A.3d 402 (Pa. Super.

2018). In that case, Murphy was convicted of a number of sex-related crimes in 2007, and after review, his judgment of sentence became final on July 28, 2009. On October 18, 2017, while an appeal regarding a serial PCRA petition was pending in this Court, Murphy filed a motion with this Court asserting that **Muniz** renders portions of his sentence unconstitutional. This Court considered that argument and offered the following.

> Here, we acknowledge that **this Court** has declared that, "**Muniz** created a substantive rule that retroactively applies in the collateral context." **Commonwealth v. Rivera–Figueroa**, 174 A.3d 674, 678 (Pa. Super. 2017). However, because [Murphy's] PCRA petition is untimely (unlike the petition at issue in **Rivera–Figueroa**), he must demonstrate that the **Pennsylvania Supreme Court** has held that **Muniz** applies retroactively in order to satisfy section 9545(b)(1)(iii). Because at this time, no such holding has been issued by our Supreme Court, [Murphy] cannot rely on **Muniz** to meet that timeliness exception.

**Murphy**, 180 A.3d at 405–06 (emphasis in original; some citations omitted).

In other words, this Court concluded that the holding in **Muniz** does not apply at this point to untimely-filed PCRA petitions. This Court acknowledges that "if the Pennsylvania Supreme Court issues a decision holding that **Muniz** applies retroactively, Murphy can then file a PCRA petition, within 60 days of that decision, attempting to invoke the 'new retroactive right' exception in section 9545(b)(1)(iii)." **Murphy**, 180 A.3d at 406 n.1. The same holds true for Appellant.

Next, Appellant appears to claim his designation as an SVP renders his sentence illegal, citing this Court's decision in *Commonwealth v. Butler*, 173 A.3d 1212 (Pa. Super. 2017).[4] *See* Appellant's Brief at 12. In that case, Butler challenged his SVP designation on direct appeal. This Court concluded that, in light of our Supreme Court's decision in *Muniz* and the United States Supreme Court's decisions in *Apprendi* and *Alleyne*,[5] "[sub]section 9799.24(e) of SORNA [relating to SVP designation[6]] violates the federal and state constitutions because it increases the criminal penalty to which a defendant is exposed without the chosen fact-finder making the

---

[4] We recognize that Appellant did not include his SVP status claim implicating the legality of his sentence in his PCRA petition and raised it for the first time in his petition to reconsider filed with the PCRA court. In general, issues not properly raised before the trial court and preserved on appeal are waived. However, a challenge to the legality of sentence cannot be waived. *See, e.g., Commonwealth v. Dickson*, 918 A.2d 95, 99 (Pa. 2007). Nonetheless, such claims still must be presented in a timely-filed PCRA petition. *See Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014) (explaining that "[t]hough not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised … in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim") (citation and quotation marks omitted); *Commonwealth v. Taylor*, 65 A.3d 462, 465 (Pa. Super. 2013) ("[A]lthough illegal sentencing issues cannot be waived, they still must be presented in a timely[-filed] PCRA petition.") (citation omitted).

[5] *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *Alleyne v. United States*, 570 U.S. 99 (2013).

[6] Subsection 9799.24(e)(3) stated that at a hearing prior to sentencing, the trial court shall determine, based on clear and convincing evidence, whether the defendant was an SVP. *See* 42 Pa.C.S. § 9799.24(e)(3).

necessary factual findings beyond a reasonable doubt." ***Butler***, 173 A.3d at 1218.

Here, in challenging his SVP designation and arguing his sentence is illegal, Appellant has not pled and proven a timeliness exception to his facially untimely PCRA petition.[7] To the extent Appellant argues the exception set forth in 42 Pa.C.S. § 9545(b)(1)(iii) applies to his SVP claim, he must demonstrate that the Pennsylvania Supreme Court has held that ***Butler*** applies retroactively to cases pending on collateral review in order to satisfy that section. At this time, because no such holding has been issued by our Supreme Court, Appellant cannot rely on ***Butler*** to meet this timeliness exception. Thus, we are without jurisdiction to address Appellant's SVP challenge. As with Appellant's first claim, this Court acknowledges that if the Pennsylvania Supreme Court issues a decision holding that ***Butler*** applies retroactively, Appellant may file a PCRA petition

---

[7] We note that generally a challenge to one's classification as an SVP is not cognizable under the PCRA. ***Commonwealth v. Price***, 876 A.2d 988 (Pa. Super. 2005); ***Commonwealth v. Masker***, 34 A.3d 841, 843-44 (Pa. Super. 2011) (*en banc*). Here, it appears Appellant is claiming his SVP classification renders his sentence illegal. "Issues relating to the legality of sentence … are cognizable under the PCRA." ***Commonwealth v. Hockenberry***, 689 A.2d 283 (Pa. Super. 1997). Our research has not revealed any reported cases addressing whether a challenge to the legality of a sentence which includes an SVP designation is cognizable in the PCRA context. Because we do not have jurisdiction to entertain the instant appeal, we decline to address this issue here.

within 60 days of that decision, attempting to invoke the exception in subsection 9545(b)(1)(iii).  **See Murphy**, 180 A.3d at 406 n.1.

Based on the foregoing, we conclude that Appellant's petition was untimely filed, and he has not proven an exception to the timeliness requirements.  Thus, he is not entitled to relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/7/2018